IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE D. BROOKS,<br>　　　　Petitioner,<br>　vs.<br>J. WALKER, Warden,<br>　　　　Respondent. | No. C 09-1355 JSW (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(Docket Nos. 2, 4) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state court conviction. Petitioner has filed a motion to proceed *in forma pauperis (*docket nos. 2, 4), which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition and attached documents, Petitioner was convicted of First Degree Murder with special circumstances in Alameda County Superior Court in 2005. The trial court sentenced him to a term of life in state prison without the possibility of parole. Petitioner's appeal to the California Court of Appeal and his petition for review in the California Supreme Court were both denied in 2007. Petitioner filed the instant federal habeas petition in this Court on March 27, 2009.

**DISCUSSION**

I Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II Legal Claims

Petitioner raises the following ground for relief, by attaching a copy of his petition for review from the California Supreme Court to his habeas corpus petition and requesting that this Court "see attached" for a list of claims: 1) the trial court committed *Batson* error; 2) Petitioner's sentence of life without the possibility of parole constitutes cruel and unusual punishment; (3) admission of pre-trial statements of witness Chandler that were described as "credible" and "accurate" violated Petitioner's Sixth Amendment rights; and, (4) prosecutorial misconduct violated Petitioner's rights to due process and a fair trial. The other claims listed in the petition for review (identified there as claims II, III, IV, VI, and VIII) incorporating by reference the arguments of Petitioner's co-appellants in their briefs which were not attached to the petition here, do not present federal claims for review. Therefore, these claims are DISMISSED. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on the claims set forth above. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and

all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days the date the opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: July 17, 2009

_____
JEFFREY S. WHITE
United States District Judge

3

|   |   |   |
|---|---|---|
| 1 | | UNITED STATES DISTRICT COURT |
| 2 | | FOR THE |
| 3 | | NORTHERN DISTRICT OF CALIFORNIA |

JERMAINE D. BROOKS,

        Plaintiff,

  v.

J. WALKER et al,

        Defendant.

Case Number: CV09-01355 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 17, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jermaine D. Brooks
V84088
P.O. Box 290066
Represa, CA 95671

Dated: July 17, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk